1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                No.  2:03-cr-371-MCE-EFB P

12              Respondent,

13         vs.

14    SHONDOR JANELL ARCENEAUX,                ORDER APPOINTING COUNSEL AND
                                               SETTING A STATUS CONFERENCE
15              Movant.

16

17         Movant, Mr. Arceneaux, is a federal prisoner proceeding pro se with a motion to vacate,

18    set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  He challenges his conviction and

19    sentence on three counts of bank robbery, in violation of 18 U.S.C. § 2113; and three counts of

20    using a firearm in connection with those robberies, in violation of 18 U.S.C. § 924(c)(1).  One of

21    Arceneaux's claims for post-conviction relief is that his trial counsel rendered ineffective

22    assistance by misinforming Arceneaux about the possible penalty he faced on two counts of using

23    a firearm.  He contends this erroneous advice induced him to reject a plea offer from the

24    government.  For the reasons explained below, the court orders an evidentiary hearing on

25    petitioner's claim of ineffective assistance of counsel.

26    I.    **Procedural Background**

27         On September 1, 2005, the grand jury returned a Fifth Superseding Indictment charging

28    Arceneaux with three counts (counts 3, 11, and 17) of armed bank robbery, in violation of 18

                                          1

1  U.S.C. §§ 2113(a) and (d); and three counts (counts 4, 12, and 18) of using a firearm, within the

2  meaning of 18 U.S.C. § 924(c)(1).  ECF No. 260.  Arceneaux's jury trial commenced on January

3  18, 2006.  ECF No. 312.  On February 14, 2006, the jury found Arceneaux guilty on all counts.

4  ECF No. 368.

5          On April 25, 2006, Arceneaux was sentenced to 293 months (24.42 years) on counts 3, 11,

6  and 17, to run concurrently with each other; 84 months (7 years) on count 4, to be served

7  consecutively to the terms imposed on counts 3, 11, and 17; and 300 months (25 years) on each of

8  counts 12 and 18, to be served consecutively with each other and consecutively to the terms

9  imposed on counts 3, 11 and 17, for a total aggregate sentence of 977 months (81.42 years) in

10  prison.  ECF No. 418; Resp't's Lodg. Doc. 475.

11          Arceneaux filed an appeal of his judgment of conviction to the United States Court of

12  Appeals for the Ninth Circuit.  ECF No. 415.  The Ninth Circuit upheld Arceneaux's conviction

13  and sentence in a memorandum decision filed April 8, 2010.  *United States v. Williams*, *et al.,* 375

14  Fed. App'x. 682 (9th Cir. 2010).

15          Arceneaux filed the instant motion pursuant to 28 U.S.C. § 2255 on October 20, 2011.

16  ECF No. 852.  Respondent filed an opposition on October 24, 2012.  ECF No. 908.  Arceneaux

17  did not file a reply; however, he filed a letter to the court on July 5, 2013.  ECF No. 921.

18  **II. Petitioner's Claim of Ineffective Assistance of Counsel**

19          In one of his claims of ineffective assistance, Arceneaux claims that his trial counsel

20  misinformed him about the 50 year prison sentence he faced on counts 12 and 18 for use of a

21  firearm if convicted on those counts.  ECF No. 852 at 12.  He states that, prior to trial, the

22  government "offered [him] 20 years, if he 'plead' guilty."  *Id.*  According to Arceneaux, he

23  rejected this offer because his trial counsel told him "the bank robbery counts would be grouped

24  together for sentencing purposes and the maximum penalty he was facing for each 924(c) charge,

25  was 60 months each to be ran [sic] concurrently."  *Id.*  Arceneaux states that, based on this

26  information from his trial counsel, he "thought it was best for him to face the jury and if he was

27  found guilty he would receive at best 15 more years, than the 20 year 'deal,' offered by the

28  government."  *Id.*

Arceneaux specifically complains that his trial counsel failed to inform him he would receive a 50 year sentence if he was found guilty of multiple counts of firearm possession. *Id.* He states that, if he had known this, he would have "taken the deal that the government offered him." *Id.* Arceneaux argues that trial counsel's failure to "put [him] on Notice caused him to unknowingly go to trial." *Id.*

Arceneaux includes his own declaration in support of this claim. Therein, he states that if he had been informed he could receive consecutive 25 year terms on counts 12 and 18, and that a former girlfriend would be a prosecution witness at his trial, he would have "pled guilty" and "accepted the government's offer." *Id.* at 16. He also declares that his trial counsel told him it was too late for him to plead guilty after trial had started, and that he "was facing 60 months on each count ([§924], if I was found guilty." *Id.* Arceneaux claims, in essence, that his trial counsel gave him erroneous advice about his potential sentence in connection with a decision whether to accept or reject the government's plea offer and that he was prejudiced by that bad advice by having to go trial and ultimately face a higher sentence.

Respondent argues that this claim in this regard is subject to a procedural default because Arceneaux failed to raise it on appeal and has failed to show cause or prejudice. ECF No. 908 at 36. In *Bousley v. United States*, 523 U.S. 614, 622 (1998), the United States Supreme Court held, in the context of a § 2255 motion, that "where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either "cause" and actual "prejudice" . . . or that he is "actually innocent." Accordingly, "most claims are procedurally defaulted by both federal and state prisoners in habeas proceedings when not raised on direct appeal, absent a showing of cause and prejudice or actual innocence." *United States v. Braswell*, 501 F.3d 1147 (9th Cir. 2007). However, claims of ineffective assistance of counsel, and claims that "could not be presented without further factual development" are excluded from the cause and prejudice requirement and may be heard on collateral review, even though the defendant could have, but did not raise the claim on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003) ("We hold that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or

1    not the petitioner could have raised the claim on direct appeal").  Thus, Arceneaux's claim that

2    his trial counsel rendered ineffective assistance in giving him erroneous advice about his possible

3    sentence, thereby inducing him to reject a plea offer, is excluded from the cause and prejudice

4    requirement and may be heard on collateral review, even though he did not raise the claim on

5    direct appeal.  *Massaro*, 538 U.S. at 505.

6         The government states in opposition to this claim that, contrary to Arceneaux's

7    allegations, "the government never offered the defendant a plea agreement for 20 years."  ECF

8    No. 908 at 35.  The government explains that it had discussions about the possibility of movant

9    making a proffer as a cooperating government witness.  However, the negotiations were

10   terminated after movant refused to testify against his co-defendants.  *Id.*

11        The government notes that Arceneaux's co-defendant, Dewayne Slater, who together with

12   Arceneaux, was a leader and organizer of the bank robberies committed in this case, received a

13   sentence of twenty-five years in prison in exchange for testifying against his co-defendants at

14   trial.  *Id.*  Respondent argues that because Slater agreed to testify, "there was no need for the

15   government to enter into a plea agreement with the defendant for a lower sentence and without

16   cooperation."  *Id.*

17        The government states, without providing supporting documentation, that Arceneaux was

18   aware of the mandatory minimum penalty for counts 12 and 18 because he was advised of his

19   exposure on those counts at his initial appearance before the magistrate judge.  *Id.* at 35-36.  The

20   government also states that Arceneaux was advised of the possible penalties he faced on counts

21   12 and 18 during the attempted proffer session, with his trial counsel present, which occurred

22   "months prior to the beginning of trial."  *Id.*at 36.

23        The prosecutor has filed his own declaration in support of these representations.  Therein,

24   he declares that he participated in an interview with Arceneaux, in the presence of Arceneaux's

25   trial counsel, to discuss a possible resolution of Arceneaux case.  ECF No. 911 at 1-2.  According

26   to the declaration, the prosecutor advised Arceneaux of the charges he was facing and the

27   potential penalties.  This included, among other things, that Arceneaux could receive a mandatory

28   minimum consecutive sentence of 25 years each on counts 12 and 18 for using a firearm during

1  the robberies of the Financial Center Credit Union and the Farmers and Merchants Bank.  *Id.* at 2.

2  The prosecutor further told Arceneaux that he could receive a total prison term of 57 years on the

3  gun charges and that this would be "be in addition to the sentences he will receive for the

4  substantive bank and credit union robbery charges should he elect to go to trial and be convicted

5  of all counts." *Id.*  The prosecutor declares that he "spent a considerable amount of time going

6  over the penalties with [Arceneaux]." *Id.*  The prosecutor states that he asked Arceneaux if he

7  had any questions about his possible penalties and Arceneaux stated that he did not.  *Id.*

8      The prosecutor further declares that he explained what a proffer session was and the

9  importance of telling the truth.  He declares that he informed Arceneaux that "if we believed that

10  the information he provided in this proffer session could be corroborated and was truthful in light

11  of what other cooperators have told us, we would then discuss with him and his counsel what the

12  terms of the plea agreement would be if his cooperation and testimony was of substantial

13  assistance to the Government." *Id.*  The prosecutor declares that Arceneaux repeatedly asked him

14  "how much time he would get if he cooperated," but was informed by the prosecutor that the

15  government could not "make him a specific offer as to the terms of the plea agreement without

16  first hearing his proffer." *Id.* at 3.  The prosecutor further "made it very clear to him that he

17  would have to testify against the other defendants in the case as a part of the plea agreement." *Id.*

18  at 3. When Arceneaux stated that he would not testify against his co-defendants, the interview

19  was terminated.  *Id.*

20      Finally, the prosecutor declares that he "never extended a plea agreement offer to the

21  Arceneaux for 20 years imprisonment." *Id.*  He also declares that he would never have offered

22  Arceneaux a better deal than was given to codefendant Salter (i.e., 25 years and cooperation,

23  including testimony against all codefendants.) *Id.*  The prosecutor adds that he "would have

24  never entered into plea negotiations with Arceneaux or any defendant after a trial has begun." *Id.*

25  at 4.

26  /////

27  /////

28  /////

5

**III.  Applicable Law**

    **A.  Motions Brought Pursuant to 28 U.S.C. § 2255**

    A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence.  *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988).  Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States.  *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).  To warrant relief, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).  Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice."  *Davis v. United States*, 417 U.S. 333, 346 (1974).

    **B.  Ineffective Assistance of Counsel**

    The clearly established federal law for ineffective assistance of counsel claims is *Strickland v. Washington*, 466 U.S. 668 (1984).  To succeed on a *Strickland* claim, a defendant must show that (1) his counsel's performance was deficient and that (2) the "deficient performance prejudiced the defense."  *Id.* at 687.  Counsel is constitutionally deficient if his or her representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases."  *Id.* at 687–88 (internal quotation marks omitted).  "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'"  *Harrington v. Richter*, 131 S.Ct. 770, 787-88 (2011) (quoting *Strickland*, 466 U.S. at 687).

    The United States Supreme court has confirmed that the Sixth Amendment right to counsel "extends to the plea-bargaining process."  *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376, 1384 (2012).  To prevail on such a claim, a petitioner must demonstrate "'gross error on the part of counsel,'" *Turner v. Calderon*, 281 F.3d 851, 880 (9th Cir. 2002) (quoting *McMann v. Richardson*, 397 U.S. 759, 772 (1970)), and that the advice he received from his counsel was "so

1    incorrect and so insufficient that it undermined his ability to make an intelligent decision about

2    whether to accept the [plea] offer.'" *Id.* (quoting *United States v. Day*, 969 F.2d 39, 43 (3rd Cir.

3    1992)).

4          To establish prejudice where a defendant claims defective advice of counsel caused him to

5    reject a plea offer and proceed to trial, the defendant must demonstrate that "but for the

6    ineffective advice of counsel there is a reasonable probability that the plea offer would have been

7    presented to the court (i.e., that the defendant would have accepted the plea and the prosecution

8    would not have withdrawn it in light of intervening circumstances), that the court would have

9    accepted its terms, and that the conviction or sentence, or both, under the offer's terms would

10   have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*,

11   132 S.Ct. at 1385.

12         **C. Evidentiary Hearings**

13         In reviewing a motion brought pursuant to § 2255, a federal court shall hold an

14   evidentiary hearing "unless the motion and the files and records of the case conclusively show

15   that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  *See also United States v. Zuno-*

16   *Arce*, 339 F.3d 886, 889 (9th Cir. 2003); *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir.

17   1994) (citing 28 U.S.C. § 2255(b)).  Evidentiary hearings are particularly appropriate when

18   "claims raise facts which occurred out of the courtroom and off the record."  *United States v.*

19   *Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *accord Frazer v. United States*, 18 F.3d 778, 781

20   (9th Cir. 1994); *Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990).  When a § 2255

21   movant raises a claim of ineffective assistance of counsel, the court should hold an evidentiary

22   hearing unless "something in the record conclusively shows that [movant's] trial attorney was not

23   ineffective."  *Burrows*, 872 F.2d at 917.

24         In deciding whether a § 2255 movant is entitled to an evidentiary hearing, the district

25   court should determine whether, accepting the truth of movant's factual allegations, he could

26   prevail on his claim.  *Blaylock*, 20 F.3d at 1465.  However, to be entitled to an evidentiary hearing

27   the movant must provide specific factual allegations which, if true, state a claim on which relief

28   under § 2255 could be granted.  *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003);

1    *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984).  The court may deny a request

2    for evidentiary hearing on a § 2255 motion "if the petitioner's allegations, viewed against the

3    record, fail to state a claim or are 'so palpably incredible or patently frivolous as to warrant

4    summary dismissal.'"  *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (citations

5    omitted).

6    **IV.  Analysis**

7           The record before this court contains directly conflicting statements, from movant and

8    respondent, as to whether movant was offered a plea agreement in this case.  In addition, the

9    record contains no evidence, apart from the parties' conflicting but uncorroborated statements, as

10   to what Arceneaux was told by his trial counsel or anyone else about his potential sentence prior

11   to trial.[1]

12          Arceneaux's factual allegations, if taken as true, present a colorable claim of ineffective

13   assistance of counsel based on his trial counsel's alleged failure to correctly advise him of his

14   potential sentence on counts 12 and 18, and Arceneaux alleged reliance on that advice in rejecting

15   any plea offer that may have been extended to him.  Although Arceneaux's allegations are

16   disputed, and the credibility of his claim that a 20 year offer was available and never explained is

17   called into questioned by the prosecutor's conflicting declaration, the credibility issue cannot be

18   resolved on paper.  An evidentiary hearing is necessary to determine whether Arceneaux was ever

19   offered a plea deal by the government and, if so, whether his trial counsel misinformed him about

20   his potential penalty or otherwise improperly advised him, thereby inducing Arceneaux to reject

21   the offer.  On the current record and without an evidentiary hearing, the court cannot determine

22   what Arceneaux was told by his trial counsel about his potential sentence and the advisability of a

23   plea offer (if any).  The gap between Arceneaux's potential sentence if convicted and the sentence

24   contemplated by a 20-year plea offer is significant and the factual disputes are sufficient to merit

25   an evidentiary hearing on movant's allegations in this regard.

26   /////

27   _____

28          [1]  The record reflects that by the time of his sentencing hearing, Arceneaux was aware of
     his potential sentence.  Resp't's Lodg. Doc. 475.

Assuming the truth of Arceneaux's allegations that his trial counsel gave him materially incorrect information about his potential sentence if convicted after a trial, or otherwise gave incorrect advice as to whether to accept or reject a plea offer, an evidentiary hearing is necessary to resolve this claim of ineffective assistance of counsel. *See United States v. Chacon-Palomares*, 208 F.3d 1157, 1159 (9th Cir. 2000) (remanding for evidentiary hearing where counsel allegedly underestimated defendant's actual sentence by 102 months and court was confronted with conflicting affidavits).

**V. Conclusion**

In light of the need for an evidentiary hearing, the court has determined that the interests of justice warrant the appointment of counsel for petitioner at an evidentiary hearing. *See* 18 U.S.C. § 3006A(a)(2)(B); *see also Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1.  The Federal Defender is appointed to represent petitioner for purposes of representing Arceneaux for the evidentiary hearing contemplated by this order.

2.  The Clerk of the Court is directed to serve a copy of the October 20, 2011 motion pursuant to 28 U.S.C. § 2255 and this order on David Porter, Assistant Federal Defender.

3.  Petitioner's counsel shall contact the Clerk's Office to make arrangements to obtain copies of documents in the file.

4.  A Status Conference is now set for March 12, 2014 at 10:00 a.m. in Courtroom No. 8. The parties shall be prepared to discuss potentials dates to conduct the evidentiary hearing at the Status Conference.

DATED:  February 13, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE