UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>SHONDOR JANELL ARCENEAUX,<br><br>Respondent. | No. 2:03-cr-0371-MCE-EFB P<br><br><br><br>ORDER |

Movant, Mr. Arceneaux, is a federal prisoner proceeding through counsel with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. Arceneaux challenges his 2006 conviction and sentence on three counts of bank robbery, in violation of 18 U.S.C. § 2113; and three counts of using a firearm in connection with those robberies, in violation of 18 U.S.C. § 924(c)(1). He raises several claims for post-conviction relief, including claims alleging ineffective assistance of trial and appellate counsel. One of Arceneaux's claims for post-conviction relief is that his trial counsel rendered ineffective assistance by misinforming him about the maximum penalty he faced on two counts of using a firearm. He contends this already erroneous advice induced him to reject a plea offer from the government. On February 14, 2014, this court ordered an evidentiary hearing on Arceneaux's claim of ineffective assistance of counsel during the plea-bargaining process. That hearing is scheduled to take place on March 2, 2015.

On February 13, 2015, respondent filed a motion for an order finding that Arceneaux has waived the attorney-client privilege by raising claims of ineffective assistance of counsel in his § 2255 motion. Arceneaux filed a response on February 20, 2015. The government did not file a reply.

The government argues that Arceneaux's claims contained in his § 2255 motion waive the attorney-client privilege "over all of his oral and written communications with his former counsel, Timothy Warriner, Esq." ECF No. 978 at 3. The government has submitted a proposed order allowing it to seek otherwise privileged information responsive to all of Arceneaux's claims of ineffective assistance of counsel contained in his § 2255 motion. ECF No. 979 at 2. In his response, Arceneaux agrees that his allegations pertaining to his claim of ineffective assistance of counsel during plea negotiations constitute an implied waiver of the attorney-client privilege with respect to those allegations, but he argues that the government's motion and proposed order is overly-broad. This court agrees and finds that the scope of Arceneaux's waiver of the attorney-client privilege is limited to the specific claim before the court at the March 2, 2015 evidentiary hearing.[1]

Respondent's motion is based primarily on the decision in *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (en banc). In *Bittaker*, the U.S. Court of Appeals for the Ninth Circuit held that a habeas corpus petitioner who raises an ineffective assistance of counsel claim impliedly waives the attorney-client privilege. *Id.* at 716, 718-20. However, the Ninth Circuit also held that the privilege is waived only "to the extent necessary to give [respondent] a fair opportunity to defend against [the claim]." *Id.* at 720. The court should impose a waiver "no broader than

/////

---

[1] The government informs the court that Arceneaux, apparently without going through his counsel, recently sent a letter or letters to the government and to Arceneaux's trial counsel which allege "an inappropriate relationship" between his former (i.e. trial) counsel and Arceneaux's wife. ECF No. 978 at 6. Respondent suggests these allegations "may be offered as a claim" that Arceneaux "was not provided conflict-free counsel during the case." *Id.* No such allegation or claim is contained in Arceneaux's § 2255 motion and there is no evidence of such a relationship in the court record. This matter therefore appears to be irrelevant to any issue currently before the court. For this reason, the court will not entertain requests to admit evidence or hear argument on this subject at the March 2, 2015 evidentiary hearing.

1 needed to ensure the fairness of the proceedings before it." *Id.* Consequently, discovery of
2 attorney-client communications requires a narrowly-drawn protective order. *Id.* at 720-25.
3      The government has already filed a full opposition to Arceneaux's § 2255 motion and the
4 matter stands submitted to the court for decision, with the exception of the ineffective assistance
5 of counsel claim that is the subject of the upcoming evidentiary hearing. Thus, the attorney-client
6 privilege has been waived by Arceneaux only insofar as the government requires information
7 necessary to defend against that particular claim. No other privileged disclosures are necessary to
8 enable the government to defend against other claims contained in Arceneaux's § 2255 motion.
9 Below, the court will issue an order and protective order accordingly.
10      On February 17, 2015, petitioner, acting on his own behalf, filed a letter to this court in
11 which he requests permission to raise a new claim in his § 2255 motion to the effect that he was
12 "lead into trial without required *Brady* material to aid in impeachment of a certain witness." ECF
13 No. ECF No. 981 at 1-2. On February 19, 2015, the government filed a "reply/response" to this
14 filing, requesting that this letter be stricken from the court record. ECF No. 982. In a previous
15 order issued in response to another pro se filing by Arceneaux, he was advised by this court that
16 all motions, requests, or other filings should be presented through his current counsel, Mr. Barry
17 Morris, and that any document not filed through counsel was not properly before the court. ECF
18 No. 965. For the same reason, Arceneaux's current pro se filing will be stricken from the record.
19      Accordingly, good cause appearing, *see Bittaker v. Woodford*, 331 F.3d 715, 717, n.1 (9th
20 Cir. 2003 (en banc), IT IS HEREBY ORDERED AS FOLLOWS:
21      1. The government's February 13, 2015 Motion for an Order Finding a Waiver of the
22 Attorney-Client Privilege with Prior Counsel (ECF No. 978) is granted in part.
23      2. The United States may seek oral and written information from attorney Timothy
24 Warriner, Esq., provided such information is responsive and pertinent to Arceneaux's claim that
25 his trial counsel Timothy Warriner, Esq. rendered ineffective assistance by misinforming
26 Arceneaux about the possible penalty he faced on two counts of using a firearm, and that this
27 erroneous advice induced him to reject a plea offer from the government. Arceneaux has
28 impliedly waived the attorney-client privilege with respect to that claim.

3

3. For purposes of the habeas corpus litigation in this matter, all privileged communications or materials obtained by the United States from defense counsel Timothy Warriner, Esq. for purposes of conducting the March 2, 2015 evidentiary hearing shall be deemed confidential. Until such time as this court may order otherwise, these communications or materials may be used only by representatives of the United States Attorney's Office and only for purposes of preparation for and conducting the March 2, 2015 evidentiary hearing. Disclosure of the contents of the communications or materials themselves may not be made to any other persons or agencies, including any other law enforcement or prosecutorial personnel or agencies, without an order from this court. The communications and materials may not be used, cited, or relied upon by the government in any habeas corpus or other related proceedings in federal court, or in any future proceedings against Arceneaux, including any possible retrial. This order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of petitioner's criminal case, except that either party maintains the right to request modification or vacation of this order upon entry of final judgment in this matter.

4. The Clerk of Court is directed to terminate docket entry number 981. This order is without prejudice to any properly submitted request that might later be submitted through Arceneaux's current counsel.

DATED: February 24, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE