UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:03-cr-0371-MCE-EFB P |
|---|---|
| Petitioner, | |
| v. | ORDER |
| SHONDOR JANELL ARCENEAUX, | |
| Respondent. | |

  Movant, Mr. Arceneaux, is a federal prisoner proceeding through counsel with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On March 2, 2015, an evidentiary hearing was held on Arceneaux's claim of ineffective assistance of counsel during the plea-bargaining process. At that hearing, Arceneaux's counsel raised the question of sealing portions or all of the testimony and exhibits introduced at the evidentiary hearing. The court instructed Arceneaux's counsel to prepare and file an appropriate sealing motion pursuant to the court's Local Rules.

  On March 3, 2015, Arceneaux filed a notice of request and request to seal the transcript of the March 2, 2015 evidentiary hearing and all exhibits introduced into evidence at that hearing. On that same day, this court issued an order directing Arceneaux to file a renewed request to seal, justifying the sealing of the entire transcript and exhibits introduced at the hearing, and providing legal support for his request to seal. On March 4, 2015, in compliance with Local Rule 141(b), Arceneaux filed a renewed request to seal the transcript of the March 2, 2015 evidentiary hearing

and all exhibits introduced into evidence at that hearing. He included a statement of non-opposition by the government to the granting of his request to seal. Arceneaux contends, in essence, that the public's interest in disclosure of the transcript and exhibits is slight and is outweighed by the interest in preventing the disclosure of the content of these documents.

In determining whether a document should be sealed, the court begins with a presumption of public access to court documents. *Press-Enterprises Co. v. Superior Court of Riverside County*, 464 U.S. 501, 509 (1984); *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). The Supreme Court has recognized, however, that the right to access is not absolute. *Nixon v. Warner Comm'cns, Inc.*, 435 U.S. 589 (1978). When deciding whether access is appropriate, the courts must consider "the interests advanced by the parties in light of the public interest and the duty of the courts." *Id.* at 602. Ultimately, the decision to seal is "best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id*. at 599.

Here, certain of the documents which were used at the evidentiary hearing were already ordered sealed. Upon reviewing Arceneaux's assertions in his March 4, 2015 motion to seal, and after considering the government's non-opposition to the motion and the applicable legal standards, the court finds that those documents should remain under seal. The same reasons for the sealing of those documents in the first instance continue to exist. Further, in light of the extensive testimony at the March 2, 2015 evidentiary hearing regarding those documents, the court finds that on balance, good cause exists to seal the transcript and exhibits introduced into evidence at that hearing. Accordingly, the request to seal is granted and it is ordered that the transcript of the March 2, 2015 evidentiary hearing and all exhibits introduced into evidence at that hearing shall be sealed.

Additionally, Local Rule 141(e) provides that "[u]pon issuance of an order on a sealing request and unless the Court has ordered otherwise, the Clerk will file under seal the request, proposed order, and any opposition." Therefore, the Clerk of Court will be ordered to file under seal the request to seal, the declaration of Barry Morris, points and authorities, and all exhibits submitted in support of the request to seal, and the proposed order granting the request.

Accordingly, IT IS HEREBY ORDERED AS FOLLOWS:

1. Arceneaux's March 4, 2015 request to seal, ECF No. 994, is granted.

2. The Clerk of Court is directed to file under seal the request to seal, the declaration of Barry Morris, points and authorities, and all exhibits submitted in support of the request to seal, and the proposed order granting the request.

3. Only the parties or the court shall be permitted to request a copy of the March 2, 2015 transcript, and if such transcript is requested, it shall thereafter be filed under seal.

DATED: March 16, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE