UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>SHONDOR JANELL ARCENEAUX,<br><br>Movant. | No. 2:03-cr-371-MCE-EFB P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Movant Shondor Arceneaux is a federal prisoner who, represented by counsel, proceeds with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 1045. On September 25, 2018, the court issued findings and recommendations recommending that movant's motion be denied. ECF No. 1101. After an extension of time, movant's counsel filed objections to the findings and recommendations (ECF No. 1135) and the matter is now before the district judge. Over one month after his counsel filed objections, movant filed independent of his counsel a motion to supplement his section 2255 motion (ECF No. 1136) and a letter stating that he is proceeding in that manner because he has been unable to contact his counsel (ECF No. 1137). Thereafter, his counsel filed a motion to amend on movant's behalf. ECF No. 1138. For the reasons stated hereafter, movant's pro se filings will be stricken and it is recommended that the motion to amend be denied.

////

## Pro Se Filings

A litigant represented by counsel is not entitled to file documents with the court on their own behalf. *See*, *e.g., Meador v. Hammer*, No. 2:11-cv-3342 KJM AC P, 2015 U.S. Dist. LEXIS 32062, 2015 WL 1238363, at *2 (E.D. Cal. Mar. 16, 2015) ("[P]laintiff has previously been warned that pro se filings will be disregarded so long as he is represented by counsel. . . . For these reasons, the court will disregard plaintiff's pro se filing."); *Reiffin v. Microsoft Corp.*, No. C 98-0266 WHA, 2011 U.S. Dist. LEXIS 62164, 2011 WL 2359059, at *1 (N.D. Cal. June 10, 2011) ("[P]laintiff . . . himself—despite being represented by counsel—made a series of 'pro se' filings in the district court. These filings, which have since been stricken as improper . . . ."). If movant wishes to proceed with claims on a pro se basis, he must first move to dismiss his counsel. Thus, the court will strike these filings.

## Motion to Amend

Counsel submitted this document but, in substance, it remains essentially a pro se filing. A brief "cover letter" drafted by counsel states: "[t]his proposed additional contention was drafted by petitioner in propria persona and he has asked that counsel file it for him."[1] ECF No. 1138 at 1. The pro se "motion to supplement" is thereafter attached. *Id.* at 3-7. Therein, movant argues that the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016)[2] renders 18 U.S.C. § 2[3] a non-viable statute. ECF No. 1138 at 3-4.

---

[1] The court has deep reservations about the way this motion was filed. Counsel has a duty to confer with his client as to the claims brought on the latter's behalf. If counsel believes that a claim his client insists upon is legally frivolous, the proper course is to move to withdraw representation. It is not acceptable for an attorney to "rubber stamp" a pro se filing from his client by simultaneously submitting and distancing himself from its contents.

[2] In *Mathis*, the Supreme Court clarified that the modified categorical approach approved of in *Shepard v. United States*, 544 U.S. 13, 26 (2005) applies only when the statute of conviction sets forth alternative elements of the crime, rather than alternative factual means of satisfying a single element. *Mathis*, 136 S. Ct. at 2249-56.

[3] 18 U.S.C. § 2 provides:

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

The motion to amend must be denied for several reasons.

First, the local rules state that any amended pleading must be "complete in itself without reference to the prior or superseded pleading." E.D. Cal. L.R. 220. This proposed amendment to the section 2255 motion fails to meet that requirement. The motion obviously seeks to add a new and separate claim to those already pending.

Second, the proposed supplemental claim is untimely. Section 2255 imposes a one-year statute of limitations for claims. 28 U.S.C. § 2255 (f). The limitation period runs from:

> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The date of movant's conviction was finalized has long passed. The U.S. Court of Appeals for the Ninth Circuit upheld his conviction and sentence on direct review in 2010. *United States v. Williams, et al.*, 375 F. App'x 682 (9th Cir. 2010). Movant does not assert that, at any point in the intervening years, any impediment – of the sort identified in § 2255 (f)(2) – existed. The court recognizes that *Mathis* was decided in June of 2016 and, thus, this claim could not have been brought before that date. *Mathis* did not, however, establish a new right or rule of constitutional law. *See Arazola-Galea v. United States*, 876 F. 3d 1257, 1259 (9th Cir. 2017). Rather, "*Mathis* is a clarification of existing rules rather than a new rule itself." *Id.* And even if *Mathis* had established a new rule, movant offers no explanation for why he waited until now – January of 2019 – to raise a claim based on a holding that issued in the summer of 2016. Finally,

---

> (b)  Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

movant does not assert that facts pertinent to his claim could only have been discovered on a more recent date.

The proposed amendment might still be timely if it "relates back" to movant's original, timely pleading. Rule 15 of the Federal Rules of Civil Procedure governs that question. *See Mayle v. Felix*, 545 U.S. 644, 649-50 (2005). It provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. Rule Civ. Proc. 15(c)(2). The claim at bar does not relate back. Movant's pending section 2255 motion (ECF No. 1045) was filed on August 22, 2016 (notably after *Mathis* was decided). It raised no claim attacking the validity of 18 U.S.C. § 2. And it is not enough that the new claim attacks the same underlying conviction. In *Mayle*, the Supreme Court expressly rejected such an argument:

> Felix urges, and the Court of Appeals held, that the amended petition qualifies for relation back because both the original petition and the amended pleading arose from the same trial and conviction. We reverse the Court of Appeals judgment in this regard. An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.

*Mayle*, 545 U.S. at 649-50.

Third, even if this claim were not barred by the statute of limitations, the delay in presenting it at this late stage weighs strongly against granting leave to amend. As noted *supra*, movant's current section 2255 motion was filed in August of 2016. He offers no explanation for the delay – more than two years – in raising his newly proposed claim. In the interim, the court has already issued findings and recommendations on the pending section 2255 motion (ECF No. 1101) and movant's counsel has filed objections thereto (ECF No. 1135). Movant had an extensive swathe of time before the findings and recommendations were issued (on September 25, 2018) during which he could have moved to amend his motion. He chose not to. Bad faith and undue delay are both justifications for denying leave to amend. *See Donovan v. Royal Logging Co.*, 645 F.2d 822, 827 (9th Cir. 1981).

4

Fourth, the claim necessarily fails on its merits. Movant argues that "[a]iding and abetting a crime is much like conspiracy to commit a crime." ECF No. 1138 at 4. Equating aiding and abetting with conspiracy, he goes on to claim that conspiring to commit a crime of violence lacks the required elements of use, attempted use, or threatened use of force. *Id.* It follows, he argues, that conspiring to commit a bank robbery is no longer a categorical crime of violence. *Id.* It is, however, settled law in this circuit that armed bank robbery is a crime of violence. *See United States v. Watson*, 881 F.3d 782 (9th Cir. 2018). And the application of 18 U.S.C. § 2 is clear. In *Rosemond v. United States*, the Supreme Court rejected a contention similar to the one movant raises here and held:

> In helping to bring about one part of the offense (whether trafficking drugs or using a gun), he necessarily helped to complete the whole. And that ends the analysis as to his conduct. It is inconsequential, as courts applying both the common law and §2 have held, that his acts did not advance each element of the offense; all that matters is that they facilitated one component.

572 U.S. 65, 74-75 (2014).

For all of the foregoing reasons, it is recommended that movant's motion to amend be denied.

## Conclusion

Accordingly, it is ORDERED that movant's pro se filings (ECF Nos. 1136 & 1137) be STRICKEN from the docket and disregarded. Further, it is RECOMMENDED that movant's motion to amend (ECF No. 1138) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

/////

/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 4, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE