UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:03-CR-00371-MCE |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| SHONDOR JANELL ARCENEAUX, | |
| Defendant. | |

Defendant Shondor Janell Arceneaux ("Defendant") was convicted by a jury of two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), one count of Armed Credit Union Robbery in violation of 18 U.S.C. § 2113(a) and (d), and three counts of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1).  He was sentenced on April 25, 2006, to nine hundred seventy-seven (977) months of imprisonment.  Presently before the Court is Defendant's Motion to Vacate and/or Reduce Sentence.  ECF Nos. 1160, 1178.  The Government opposes Defendant's request.  ECF No. 1186.  For the reasons that follow, his Motion is DENIED.

Defendant contends that "extraordinary and compelling circumstances" exist such that he should be released prior to his current anticipated release date in February 2073. More specifically, according to Defendant, "[a]s a child, [Defendant] suffered from respiratory issues, bronchitis and chronic headaches that run in the family."  Amended

1

1 Mot., ECF No. 1178, at 7.  "Today, [Defendant] is a 46-year old African-American man
2 previously diagnosed with hypertension and type II diabetes mellitus, also known as
3 adult-onset diabetes, although he is no longer treated for the disorder."  Id.  "At that time,
4 in 2012, [Defendant] was morbidly obese," and "[t]hese disorders can reoccur."  Id.
5 Defendant was thereafter diagnosed with chronic laryngitis, bronchitis, and obstructive
6 sleep apnea.  Id.  He also underwent an emergency appendectomy.  Id.

7 The primary impetus for Defendant's Motion is that that he "is approaching age 50
8 with respiratory problems, which increase the risk of fatality due to COVID19."  Id. at 8.
9 Accordingly, he contends, "[t]he risk of severe illness and death due to COVID-19
10 justifies early release."  Id.  Even having considered Defendant's medical issues, the
11 Court concludes that Defendant's release would be inappropriate.

12 "'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes
13 a final judgment' and may not be modified by a district court except in limited
14 circumstances."  Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations in original;
15 quoting 18 U.S.C. § 3582(b)).  Those circumstances are delineated in 18 U.S.C.
16 § 3582(c).  "Effective December 21, 2018, the First Step Act of 2018 amended 18 U.S.C.
17 § 3582(c)(1)(A) to permit an inmate, who satisfies certain statutorily mandated
18 administrative procedures, to file a motion with the district court for compassionate
19 release."  Riley v. United States, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020)
20 (citing 18 U.S.C. § 3582(c)(1)(A)).  That statute now provides:

> **(c) Modification of an imposed term of imprisonment**.—
> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved

> portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

"Thus, the First Step Act amended § 3852(c)(1)(A) to allow prisoners to directly petition a district court for compassionate release, removing the BOP's prior exclusive gatekeeper role for such motions." Riley, 2020 WL 1819838, at *5. "The statute now provides the court with authority to reduce a sentence upon the motion of a defendant if three conditions are met:  (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established 'extraordinary and compelling reasons' for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement." Id. (footnote omitted).

The starting point for the policy statement referenced in the third prong is United States Sentencing Guidelines ("USSG") § 1B1.13, which provides:

> [T]the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. §

3

3142(g); and

(3) The reduction is consistent with this policy statement.

Since Defendant is less than 70 years old and was not sentenced pursuant to 18 U.S.C. § 3559(c), he is only "entitled to relief if he demonstrates that (1) extraordinary and compelling reasons warrant a sentence reduction, (2) he is not a danger to the safety of others or the community, and (3) any requested reduction is consistent with the policy statement." Riley, 2020 WL 1819838, at *6.

"The Sentencing Commission's application notes to this policy statement provide further guidance." Id. Indeed, the notes explain that "extraordinary and compelling reasons" exist when:

(A) Medical Condition of the Defendant.

. . . .

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1 (emphasis added).

Here, Defendant contends he suffers from serious physical or medical conditions that make him particularly vulnerable to COVID-19 such that he qualifies for release. The burden is on Defendant. United States v. Holden, 2020 WL 1673440, at *3 (D. Or. Apr. 6, 2020). He has not met that burden here.

Having presided over this case for years, including through trial and sentencing of this Defendant, the Court is intimately familiar with both this individual and the facts of this case. As a result, after consideration of the foregoing, including the factors under 18

U.S.C. § 3553(a), it absolutely agrees with the Government that, even assuming Defendant's medical conditions were sufficient to qualify him for consideration for release, which the Court does not address, such release would be inappropriate because he is a danger to the community.

This case arose from a violent armed robbery ring, in which Defendant held a leadership role. The Government aptly describes the havoc wreaked as follows:

> [T]he facts of the armed bank robberies organized by [Defendant] are horrific. The robbery crews . . . repeatedly put innocent bank employees and patrons in fear of their lives in an effort to greedily collect easy money. [Defendant's] leadership demonstrated a singular focus on ruthless efficiency in getting to the vault, grabbing the cash, threatening anyone in the way, and removing evidence of the crimes by attempting to remove video recordings. [Defendant's] crimes demonstrate an unmitigated callousness that undermines his motion for compassionate release. The robbery crews under [Defendant's] command showed no compassion to their victims . . .

Gov. Opp. at 11-12.

Moreover, Defendant's criminal history spans many years and includes assaults and other violent crimes. While the Court commends Defendant for his record in prison and encourages him to continue to try to better himself in anticipation of his eventual release, based on his history, the Court can only conclude that Defendant remains a danger to society.

Having found that Defendant is a danger to the community and having considered all of the factors set forth in 18 U.S.C. § 3553(a), the Court thus concludes that release would be inappropriate. Defendant's Motion to Reduce Sentence (ECF No. 1160, 1178) is DENIED.

IT IS SO ORDERED.

Dated: August 21, 2020

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE