UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:03-cr-00371-JAM-EFB-6 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| Shondor J. Arceneaux | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

    ☐ The defendant's previously imposed sentence of imprisonment of      is reduced to      . If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

    ☐ Time served.

If the defendant's sentence is reduced to time served:

        ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of         months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before          , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant has failed to establish that extraordinary and compelling circumstances warrant termination or a reduction of his sentence. Defendant's contention that his health conditions place him at high risk of serious illness from COVID-19 does not constitute an extraordinary and compelling circumstance because of his fully vaccinated status and the low number of COVID-19 cases at his facility.  Opp'n at 6-7, ECF No. 1255; see United States v. Ueki, 2022 WL 2713281, at *1 (C.A.9 (Hawaii), 2022) (finding that defendant's health condition was not an extraordinary and compelling circumstance due to his vaccination status and the low rate of COVID-19 at his place of imprisonment).  Further, the Court finds Defendant's reference to the convictions of his co-defendants unpersuasive considering the nature of his other related crimes, criminal history, and choice not to cooperate or accept responsibility for his criminal conduct, all of which directly impacted the length of his sentence.  Consistent with the Court's prior order denying Defendant's motion to vacate and/or reduce sentence, the Court concludes that Defendant continues to be a danger to the community under the factors set forth in 18 U.S.C. § 3553(a) and that release or a

reduced sentence would be inappropriate. See Order Denying Motion to Vacate and/or Reduce Sentence, ECF No. 1194.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: 10/25/2022

_____
UNITED STATES DISTRICT JUDGE