UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:03-cr-00371-JAM-6 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| SHONDOR JANELL ARCENEAUX | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

  ☐ The defendant's previously imposed sentence of imprisonment of ____ is reduced to ____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  ☐ Time served.

  If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ **DENIED** after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant failed to establish extraordinary and compelling circumstances that warrant a sentence reduction to time-served.

Defendant argues that because of the First Step Act, if he were sentenced today he would be sentenced to only 17 years (204 months) for his three (3) use of a firearm convictions.  Mot. at 8.  Defendant's original sentence also includes 293 months on three (3) counts of armed robbery, to be served concurrently to each other.  ECF No. 118.  The use of firearms sentences were to be served consecutively to each other and the armed robbery sentences.  Id.  Even if the Court were to reduce Defendant's sentences for the use of firearm convictions to a total sentence of 204 months, running consecutively with the armed robbery convictions, Defendant's total sentence would be 497 months.  Defendant has only served roughly 247 months or fifty percent (50%) of a reduced sentence.  His motion fails to provide support for a time-served sentence.

Defendant also contends that his poor health is a factor that should be considered by the Court in determining if he has demonstrated extraordinary and compelling circumstances to

3

reduce his sentence to time-served.  Mot. at 11.  Defendant relies on cases in which a court reduced sentences due to the severe risks COVID-19 imposed on certain defendants.  United States v. Smith, 538 F. Supp. 3d 990, 994 (E.D. Cal. 2021); United States v. Bernhardt, No. 96-cr-203-WJM, 2022 U.S. Dist. LEXIS 203529, at *5 (D. Colo. Nov. 8, 2022).  As the Government argues, and the Court has addressed in its prior orders denying Defendant's motions for reduction of sentence (ECF Nos. 1264 and 1194), Defendant's health conditions can be treated by the Bureau of Prisons and Defendant's risk of COVID-19 is not "extraordinary and compelling."  Defendant's health is not a strong factor in supporting his request for a sentence reduction.

    Even if the Court found extraordinary and compelling reasons to reduce Defendant's sentence, given the serious nature of the crimes, a sentence reduction to time-served would undermine the 18 U.S.C. § 3553 sentencing factors.  Accordingly, Defendant's Motion to Reduce Sentence is DENIED.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: July 02, 2024

                                          /s/ John A. Mendez
                                    SENIOR UNITED STATES DISTRICT JUDGE